IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYONG YOUL SUH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2115-L |
| | § | |
| DALLAS POLICE DEPARTMENT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Kyong Youl Suh, appearing *pro se*, against the Dallas Police Department. On November 14, 2006, plaintiff tendered a 14-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on November 24, 2006. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Although the precise nature of his complaint is difficult to decipher, it appears that plaintiff seeks redress in connection with secret investigative and surveillance techniques employed against him by the Dallas Police Department. Illustrative of plaintiff's outlandish allegations is a claim that the police dispatched a man and a young woman to his workplace in order to uncover plaintiff's sexual proclivities. Plaintiff further alleges that the police arranged for women of different races and ages to walk in front of him to determine whether he was sexually attracted to them. According to plaintiff, the police have followed him in unmarked vehicles for the past two years. On more than one occasion, plaintiff states that he has been boxed into the center lane of traffic and shown "terrible visual images, pictures and words in stickers, specific colors . . . vivid shapes of automatic gun, gun nuzzles [sic], symbol of jail, sharp materials, wooden bars, and woman's sexual organs." By this suit, plaintiff seeks unspecified money damages to compensate him for his emotional distress and injunctive relief, including a letter of apology from the police department.

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas Police Department. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Johnson v. Dallas City Police Dep't*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas police department not a proper defendant with jural existence); *Bridges v. Rossi*, No. 3-96-CV-0488-X, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (same). Because plaintiff fails to allege or otherwise demonstrate that the Dallas Police Department is a separate legal entity having jural authority, his claims against this defendant must be dismissed.

C.

Nor does plaintiff present a logical set of facts to support any claim for relief. Instead, his complaint and interrogatory answers recite fantastic charges which are fanciful and delusional in nature. Dismissal is clearly warranted under these circumstances. *See, e.g. Jackson v. Johnson*, No. 3-05-CV-1230-H, 2005 WL 1521495 (N.D. Tex. Jun. 27, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1668084 (N.D. Tex. Jul. 13, 2005) (dismissing complaint alleging that FBI conspired with local and state police to invade plaintiff's privacy through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry"), *Johnson v. Drug Enforcement Agency*, No. 3-04-CV-0410-G, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, No. 3-03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for

President of the United States); *Decker v. Fleming*, No. 3-02-CV-2075-P, 2002 WL 31548766 (N.D. Tex. Nov. 2, 2002) (Kaplan, J.) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 30, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE